IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Teressa Spinks Stewart, | ) |
|         Plaintiff, | ) Civil Action No. 1:19-cv-01472-TMC |
| vs. | ) |
| Kilolo Kijakazi,[1] Commissioner of Social Security Administration, | ) **ORDER** |
|         Defendant. | ) |

This matter is before the court on Plaintiff Teressa Spinks Stewart's motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 33). Plaintiff seeks an award of attorney's fees in the amount of $28,134.00. (ECF No. 33 at 1). The Commissioner has filed a response informing the court that she neither supports nor objects to Plaintiff's motion for fees. (ECF No. 34).

Pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002), in reviewing a request for attorney's fees under § 406(b), a court must look first to the contingent fee agreement and assess its reasonableness. A reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

Based upon a review of the petition and these factors, the court finds that an award of $28,134.00 is reasonable. Pursuant to a contingency fee agreement, Plaintiff agreed to pay counsel

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted as the defendant in this action. *See also* 42 U.S.C. § 405(g) (providing that action survives regardless of any change in the person acting as the Commissioner of Social Security).

twenty-five percent (25%) of any past-due benefits for work done before this court. (ECF No. 33-2). Plaintiff was awarded $128,936.00 in back benefits, and twenty-five percent (25%) of this award, or $32,234.00, was withheld by the Commission for attorney's fees. (ECF No. 33-3 at 3). Thus, in compliance with 42 U.S.C. § 406(b)(1)(A), the court finds an award of $28,134.00 does not exceed twenty-five percent (25%) of the past-due benefits. Furthermore, the awarded fee is reasonable given the hours counsel expended working on this matter at the court level. (ECF No. 33-4); *see also Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). Additionally, Plaintiff's counsel achieved a successful result without any unreasonable delay. In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. *Cf. Brown v. Barnhart*, 270 F.Supp.2d 769, 772–73 (W.D. Va. 2003).

Therefore, based on the foregoing, Plaintiff's motion for attorney's fees (ECF No. 33) is **GRANTED**, and Plaintiff is awarded a total of $28,134.00 in attorney's fees.[2]

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

January 25, 2022
Anderson, South Carolina

---

[2] As noted above, "[f]ee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee[,] . . . up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). Plaintiff was previously awarded $4,100.00 in attorney's fees under the EAJA in this action. (ECF No. 32). Accordingly, Plaintiff's counsel is to refund to the Plaintiff the previously ordered EAJA fees of $4,100.00 immediately after he receives the payment of the § 406(b) fees.